# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### COLUMBIA DIVISION

| | | |
|---|---|---|
| **BETHEL CHAPEL AME CHURCH, INC.** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 1:19-cv-00016** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **CHURCH MUTUAL INSURANCE COMPANY** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Defendant's motion in limine to exclude the testimony of Plaintiff Bethel Chapel AME Church, Inc's expert witness, Steven Prosser. (Doc. No. 51). Plaintiff filed a response in opposition. (Doc. No. 55). For the reasons discussed below, the motion is **DENIED**.

## I.       STANDARD OF REVIEW

Federal Rule of Evidence 702 governs the admissibility of an expert witness's testimony at trial. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). Under Rule 702,

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and

> (d) the expert has reliably applied the principles and methods to the facts of the case.

In determining the qualifications of an expert, "the only thing a court should be concerned with … is whether the expert's knowledge of the subject matter is such that his opinion will likely assist the trier of fact in arriving at the truth. The weight of the expert's testimony must be for the trier of fact." *Mannino v. Int'l Mfg. Co*., 650 F.2d 846, 851 (6th Cir. 1981). An expert need only meet the "'minimal qualifications' requirement—not one who could teach a graduate seminar on the subject." *Burgett v. Troy-Bilt LLC*, 579 F. App'x 372, 377 (6th Cir. 2014) (quoting *Mannino*, 650 F.2d at 851); *see also Dilts v. United Grp. Servs*., LLC, 500 F. App'x 440, 446 (6th Cir. 2012) ("An expert's lack of experience in a particular subject matter does not render him unqualified so long as his general knowledge in the field can assist the trier of fact."). Although expertise is interpreted "liberally," a witness is not "an expert simply because he claims to be." *Pride v. BIC Corp*., 218 F.3d 566, 577 (6th Cir. 2000).

"[T]he trial judge has discretion in determining whether a proposed expert's testimony is admissible based on whether the testimony is both relevant and reliable." *Palatka v. Savage Arms, Inc.*, 535 F. App'x 448, 453 (6th Cir. 2013) (quotation omitted). The Court's task is to assess "whether the reasoning or methodology underlying the testimony is scientifically valid and... whether that reasoning or methodology properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592–93. In *Kumho Tire Co. v. Carmichael*, the Supreme Court extended *Daubert* to nonscientific expert testimony, requiring that, "where such testimony's factual basis, data, principles, methods, or their application" are called sufficiently into question, the trial judge must determine whether the testimony has "a reliable basis in the knowledge and experience of [the relevant] discipline." 526 U.S. 137, 149 (1999).

However, the court will not exclude expert testimony "merely because the factual bases for an expert's opinion are weak." *Daniels v. Erie Ins. Grp.*, 291 F. Supp. 3d 835, 840 (M.D. Tenn. 2017) (quoting *Andler v. Clear Channel Broad., Inc.*, 670 F.3d 717, 729 (6th Cir. 2012)). "Indeed, rejection of expert testimony is the exception rather than the rule—the gatekeeping function established by *Daubert* was never intended to serve as a replacement for the adversary system." *Id.* (internal quotation marks and citation omitted). Rule 702 does not "require anything approaching absolute certainty." *Tamraz v. Lincoln Elec. Co.*, 620 F.3d 665, 671-72 (6th Cir. 2010) (citing *Daubert*, 509 U.S. at 590). Under *Daubert*, experts are "permitted wide latitude in their opinions, including those not based on firsthand knowledge, so long as the expert's opinion has a reliable basis in the knowledge and experience of the discipline." *Dilts*, 500 F. App'x at 445 (quoting *Daubert*, 509 U.S. at 592).

## II.     ANALYSIS

This case concerns insurance coverage for damage to a church building allegedly caused by wind and hail. Defendant denied Plaintiff's insurance claim on grounds that the damage was not cause by wind and hail within the policy period. Both the cause and the timing of the damage are at issue. Defendant seeks to exclude the testimony of Plaintiff's expert witness, Steven Prosser, on grounds that Prosser does not possess the necessary qualifications to opine on cause of damages to Plaintiff's roof and that his opinion is not sufficiently reliable.

### A. Qualifications

Plaintiff's expert, Steven Prosser, is a licensed professional engineer with over 30 years of experience. (*See* Prosser Resume, Doc. No. 51-2) He is the director of Prosser & Associates Engineering in Paris, Tennessee, where, among other things, he conducts forensic engineering evaluations. These evaluations include structural failure analysis and remediation, pre-engineered

and designed metal building condition evaluation, and roof, structure, envelope and foundation inspection, analysis, and remediation. Prosser is also engaged in structural engineering design and detailing and steel detailing. He served as an associate professor at Bethel University for 13 years, teaching classes in drafting, engineering economics, project management, and various other subjects. Prosser is a HAAG Certified Residential and Commercial Roof Inspector and has taken a number of continuing education courses, including two courses in forensic engineering.

Defendant argues that Prosser is not qualified to testify as an expert witness because his expertise is not in forensic engineering and he does not have sufficient education and training in examining, inspecting, and diagnosing storm damaged roofs. Defendant acknowledges that Prosser is certified as a HAAG certified roof inspector, but contends that because he did not obtain this certification until several months after he examined Plaintiff's roof, he is not qualified to answer questions regarding the cause of the alleged damage.

Defendant argues that Prosser is comparable to the physician who was excluded as an expert witness in *Madej v. Maiden*, 951 F.3d 364 (6th Cir. 2020). In *Madej*, the district court excluded testimony from three physicians whose opinions regarding causation were based on their view that the plaintiff suffered from "multiple chemical sensitivity." The *Madej* court noted that multiple chemical sensitivity "is a controversial diagnosis," unrecognized by the American Medical Association or the World Health Organization, that has been excluded by numerous courts as "unsupported by sound scientific reasoning or methodology." *Id*. at 374 (quoting *Summers v. Mo. Pac. R.R. Sys*., 132 F.3d 599, 603 (10th Cir. 1997) and collecting cases). Moreover, although the treating physician based her opinion regarding causation on the plaintiff's multiple chemical sensitivity, she acknowledged that she had no expertise in that area, did not "know the criteria for diagnosing" it, and formed her opinion based on the diagnosis of another physician (whose

testimony was also excluded). *Id*. at 376-77. The Sixth Circuit held that it was not an abuse of discretion to exclude the doctors' testimony. *Id*. at 377.

Defendant argues that like the physician in *Madej*, Prosser does not possess the qualifications necessary opine on the cause of the roof damage. The Court disagrees. Prosser's resume indicates that he is qualified to testify regarding the cause of the roof damage and necessary repairs. Unlike the doctor in *Madej*, who testified that she was unable to diagnose the medical condition on which she based her opinion, Prosser has not given any indication that he is unable to assess the damage to Plaintiff's structure.

The Court finds that Prosser's professional qualifications and experience provide sufficient foundation for him to answer the relevant question – whether the roof suffered damage, the cause of that damage, and what repairs were required.

## B. Reliability

Defendant argues that Prosser's opinion is unreliable and should be excluded because the report misstates the storm date and there are material deficiencies in the analysis.

Defendant argues that Prosser's entire opinion is based upon an alleged violent storm that occurred on a specific date and because the date of the storm was provided to Prosser by a third party and was incorrect, the entire expert report is unreliable. Defendant compares Prosser being asked to inspect the roof for storm damage and being informed of the date of loss to the physician in *Madej* whose opinion was based on a misunderstanding of a diagnosis by another physician of a condition she was unqualified to diagnose herself. The comparison is unapt. As stated above, unlike the physician in *Madej*, who admitted she was not qualified to diagnose the relevant condition, Prosser was qualified to inspect the roof. He personally examined the roof and formed an opinion as to the cause of the damage. While his conclusion relies on the occurrence of a wind

and hail storm, a mistake regarding the date of that storm, particularly where the correct date is asserts to be approximately one month earlier, does not render the opinion so unreliable that is should be excluded as evidence. *See McLlean v. Ontario LTD.*, 224 F.3d 797, 801 (6th Cir. 2000) ("mere weaknesses in the factual basis of an expert witness' opinion bear on the weight of the evidence rather than its admissibility") (quoting *United States v. L.E. Cooke Co*., 991 F.2d 336, 342 (6th Cir. 1993)). The fact that Prosser relied upon information provided by a third party for the storm date, rather than conducting an independent review of the weather data, does not change the conclusion.

Defendant also asserts that Prosser's report contains material deficiencies that render Prosser's proffered testimony unreliable. For example, Defendant argues that its own expert, Mark Buchanan, tailors appropriate literature in support of his opinion, whereas Prosser did not discuss all of his cited reference materials and cited materials that are not relevant to the structure in question. Defendant also argues that Prosser's opinions are not well supported. Again, these arguments bear on the weight of the testimony, not its admissibility. Defendant has not shown that Prosser's opinions are "so fundamentally unsupported that it can offer no assistance to the [trier of fact]." *See Hartley v. Dillard's, Inc.*, 310 F. 3d 1054, 1061 (8th Cir. 2002).

### III.    CONCLUSION

Upon considering the proposed testimony and reviewing the parties' briefs, the Court concludes that Prosser's testimony meets the requirements for admissibility of expert proof. Accordingly, Defendant's Motion in Limine to Exclude the Testimony of Steven Prosser, (Doc. No. 51), is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE